UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMICA WHITTAKER, et al., | No. 2:23-cv-02914-JAM-CKD |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| TACTICAL USA LLC, et al. | |
| Defendants. | |

I. BACKGROUND

On July 12, 2023, Plaintiffs filed a complaint in Sacramento County Superior Court against multiple defendants alleging violations of the California Business and Professions Code. Compl., Exh. A to Not. of Removal ("Not."), ECF No. 1-1. Plaintiffs argue they received over five hundred (500) unsolicited commercial email advertisements ("spam") from defendant Tactical USA LLC ("Tactical") which they never directly consented to receive, nor did they ever have any business relationship with Tactical. Id. at 9. Plaintiffs argue that pursuant to California Business and Professions Code § 17529.5 ("Section 17529.5"), they are entitled to liquidated damages of

1

$1,000 per spam as well as reimbursement of their fees and costs. Id. 20-23.

On December 14, 2023, Tactical and defendant Tim Reiss ("Reiss") (collectively, "Removing Defendants") filed a notice of removal ("Notice"). Not., ECF No. 1. Removing Defendants allege the Court has original jurisdiction over this matter because all parties are diverse and the amount in controversy exceeds $75,000. Id. ¶ 6. The Complaint lists only one non-diverse party, defendant TACTICALDEFENSEUSA.COM ("TACTICALDEFENSE"). Compl. ¶ 25. Removing Defendants contend TACTICALDEFENSE is not a citizen of California, but rather a business entity located in Florida. Notice ¶ 16. Tactical and Reiss allege Plaintiffs improperly identified TACTICALDEFENSE as a California business to defeat federal court diversity jurisdiction. Id.

On January 12, 2024, Plaintiffs filed the present motion to remand ("Motion") arguing removal was improper. Motion ("Mot."), ECF No. 13. Removing Defendants filed an opposition ("Opposition"). Opp'n, ECF No. 14. Plaintiffs filed a reply ("Reply"). Reply, ECF No. 16.[1]

II.   OPINION

A.   Legal Standard

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In

---

[1]This matter is determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court."). Accordingly, the removal statute provides two ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). If there is any doubt as to the right to removal, the case should be remanded to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

B.   Analysis

Removing Defendants removed this action based on diversity jurisdiction. Not. at 3. Plaintiffs argue removal was improper for four (4) reasons: first, Removing Defendants failed to state in their removal papers the citizenship of Tactical's members;

second, Removing Defendants failed to indicate whether they received consent for removal from all other defendants who were served; third, Removing Defendants failed to state any facts proving TACTICALDEFENSE is a diverse party located in Florida; and fourth, this Court lacks Article III standing, which is necessary for federal jurisdiction. Mot. at 1. Plaintiffs' challenges to removal are addressed below.

### 1. Citizenship of Tactical's Members

For purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of "every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Thus, if an LLC is a party to a suit, the removing party must affirmatively allege the citizenship of each of the LLC's members. Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011). A failure to do so can result in remand for lack of subject matter jurisdiction. Id. at 65.

"A district court 'may properly look beyond the [pleading's] jurisdictional allegations and view whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists.'" Adler v. Federal Republic of Nigeria, 107 F.3d 720, 728 (9th Cir. 1997) (citing Bowyer v. U.S. Dept. of Air Force, 875 F.2d 632 (7th Cir. 1989)). "A district court 'has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.'" Id. (citing Foremost-McKesson, Inc. v. Islamic Republic of Iran, 284 U.S. App. D.C. 333, 905 F.2d 438, 449 (1990)).

Plaintiffs argue Removing Defendants failed to affirmatively

1  allege the citizenship of each of Tactical's members in their
2  Notice of Removal, which, as an LLC, is required to establish
3  complete diversity.  Mot. at 2. Plaintiffs are correct.
4       Removing Defendants' Notice does, in fact, fail to make any
5  mention of Tactical's members.  See Not.  With respect to the
6  citizenship of Tactical, Removing Defendants only allege that
7  Tactical is a Texas LLC with a primary place of business in the
8  state of Massachusetts.  Not. ¶ 9. This is not the proper test
9  to determine the citizenship of an LLC.  Johnson, 437 F.3d at
10 899.  Removing Defendants were required to affirmatively allege
11 the citizenship of each of Tactical's members.  Lindley
12 Contours, LLC, 414 F. App'x at 64.  Federal jurisdiction is
13 therefore not clearly established based on the Notice alone.
14      Looking beyond the Notice, the Court finds that Tactical has
15 not demonstrated that Removing Defedants are truly diverse from
16 Plaintiffs.
17      First, regarding the members of Tactical, the Complaint
18 alleges defendant John C. Keel Jr. ("Keel") is Tactical's only
19 member.  Compl. at 5.  The Complaint, however, is silent as to
20 Keel's citizenship.  The Notice states Removing Defendants are
21 "informed and believe" that Keel is domiciled in Texas.
22 Not. ¶ 11.  Absent unusual circumstances, however, a party
23 seeking to invoke diversity jurisdiction should be able to
24 affirmatively allege the actual citizenship of the relevant
25 parties.  Kanter, 265 F.3d at 857.  "Jurisdictional allegations
26 based on information and belief are insufficient to confer
27 jurisdiction."  Clear Blue Ins. Co. v. B, No. CV 22-7449-JFW(Ex),
28 2022 U.S. Dist. LEXIS 192510, at *4 (C.D. Cal. Oct. 20, 2022)

1  (citing Kanter, 265 F.3d at 857). Tactical is one of the
2  Removing Defendants. As Keel is alleged to be Tactical's sole
3  member, Tactical should have affirmatively stated Keel's
4  citizenship rather than done so on "information and belief".
5      Second, Removing Defendants state in their Opposition:

> Plaintiffs' Complaint alleges that [Tactical] has only one Member, [Keel]. Compl. ¶ 15. Plaintiffs appear to contend that [Keel] resides in and is a citizen of Texas. [Plaintiffs' Proof of Service Keel, ECF No. 12]. Thus, as Plaintiffs have alleged, [Tactical] is completely diverse from the Plaintiffs. Compl. ¶¶ 9-15.

10 Opp'n at 2. To support the argument that Plaintiffs' "appear to
11 contend" Keel is a citizen of Texas, Removing Defendants cite to
12 Plaintiffs' Proof of Service of Summons on Keel, ECF No. 12,
13 which was docketed after Removing Defendants' Notice of Removal.
14 Id. A review of the proof of service only indicates that Keel
15 was served at an address in Texas. Pl.'s Proof of Service on
16 Keel, ECF No. 12. The proof of service does not allege that
17 Texas is where Keel is "domiciled" or even if the location he was
18 served at is a residence. Id.
19     The proof of service is the only evidence Removing
20 Defendants provide to support their contention that Keel is a
21 citizen of Texas. See Opp'n at 2. It is the Removing Defendants'
22 burden to establish Keel's citizenship, not Plaintiffs. Kanter,
23 265 F.3d at 857. Further, even if there was evidence presented
24 that Keel was residing in Texas, citizenship is determined by an
25 individual's domicile, not their residence. Id. "A person
26 residing in a given state is not necessarily domiciled there, and
27 thus is not necessarily a citizen of that state." Id. Removing
28 Defendants needed to provide sufficient evidence that Texas is

6

not only where Keel is residing, but also where he intends to stay. They have failed to do so.

Removing Defendants have not met their burden of establishing Keel is diverse. As Keel is alleged to be Tactical's only member, Removing Defendants have also not met their burden of establishing Tactical's diversity.

### 2. Consent of Served Defendants

Plaintiffs argue Removing Defendants did not obtain consent to remove from defendants HealthyNewsUSA.com ("HealthyNews"), Products4Patriots.com ("Products4Patriots"), Keel, or MOFC Inc. ("MOFC"). Mot. at 3. Plaintiffs state these defendants were served four (4) months prior to the removal. Id. Plaintiffs admit they did not file proofs of service in state court for these defendants, however, they were waiting for all defendants to be served prior to filing. Id. Plaintiffs also allege Removing Defendants had knowledge that Keel and MOFC were served, but still failed to obtain their consent. Id.

Removing Defendants argue they should not have the burden to independently investigate whether any other defendants were served. Opp'n at 3. Removing Defendants contend it was proper for them to assume Plaintiffs had not yet properly served any other defendants. Id.

28 U.S.C. § 1446(b)(2)(A) requires all defendants who have been properly joined and served in diversity cases to join in or consent to the removal of the action. The plain language of Section 1446 is silent as to whether a proof of service in state court needs to be filed before a removing defendant is required to obtain consent.

7

1    Removing Defendants cite Bogosian v. CR Title Servs., No.
2 5:11-cv-02043 EJD (HRL), 2011 U.S. Dist. LEXIS 91072 (N.D. Cal.
3 Aug. 16, 2011) to support their contention that they were not
4 required to obtain consent in the removal.  Bogosian offers
5 little guidance to the Court.  In Bogosian, two defendants did
6 not consent in the removal.  Id. at *9.  The plaintiffs in
7 Bogosian argued that the complaint was served on all parties,
8 however, they did not provide "anything that can be considered
9 actual evidence" to prove that all parties were served.
10 Id. at *10.  The court found there was no evidence the non-
11 consenting defendants were properly served prior to removal.
12 Id.  Therefore, the removing defendants were not required to
13 obtain consent.  Id.  Bogosian did not examine whether there is
14 an independent duty on behalf of a removing defendant to
15 determine whether other defendants were served if no proofs of
16 service had been filed in state court.

17    Here, Removing Defendants do not dispute whether the
18 remaining defendants were served.  Rather, they focus on
19 California Rules of Court that establish proofs of service are
20 the "authoritative source" for determining whether proper
21 service was effectuated. Opp'n at 4.  As the court in Bogosian
22 notes, a challenge to removal based on lack of consent is
23 procedural, not jurisdictional.  Bogosian, 2011 U.S. Dist. LEXIS
24 91072, at *3.  Therefore, the Court turns to federal authority,
25 not state, to determine whether service was properly effectuated
26 and whether consent was required.  Id.  Removing Defendants'
27 California citations have no bearing on this matter.
28    In support of proper service being effectuated, Plaintiffs

8

provide authenticated exhibits to the Court which evidence that all defendants had been served prior to removal. See Exh.'s C-H, ECF No. 13-1. The same district that decided Bogosian, the Northern District of California, has held that "the obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party." Barbera v. WMC Mortg. Corp., No. C 08-02677 SBA, 2009 U.S. Dist. LEXIS 25785, at *4 N.D. Cal. Mar. 18, 2009). "[A] removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient." Beltran v. Monterey Cty., No. C 08-05194 JW, 2009 U.S. Dist. LEXIS 21644, at *8 (N.D. Cal. Mar. 6, 2009) (citing Orozco v. EquiFirst Corp., No. CV 08--8064 PA (CWx), 2008 U.S. Dist. LEXIS 105944, at *3 (C.D. Cal. Dec. 22, 2008)).

Removing Defendants fail to address whether they exercised reasonable diligence in determining whether the other defendants were served. Absent controlling authority suggesting otherwise, the Court agrees with the Northern District. Merely checking a state court's docket does not constitute "reasonable diligence" to ascertain whether other defendants have been served. The Court finds all parties were properly served prior to the Notice of Removal and Removing Defendants were required to obtain their consent. Removal without their consent was improper.

Removing Defendants request the Court grant leave to obtain consent from all properly served defendants. Opp'n at 4. Given the other independent grounds to remand that are addressed in this Order, the Court denies this request.

### 3. Citizenship of TACTICALDEFENSE

Plaintiffs state defendant TACTICALDEFENSE is a business entity with a primary place of business in San Francisco, California. Mot. at 4. Plaintiffs claim TACTICALDEFENSE is a California citizen because they received at least thirty-three (33) spams from TACTICALDEFENSE from an address in San Francisco. Id. Removing Defendants, however, contend in their Notice that TACTICALDEFENSE is a citizen of Florida. Not. ¶ 16. Removing Defendants do not detail specific facts or provide evidence to support this contention. Rather, Removing Defendants state on information and belief that TACTICALDEFENSE is not located in California. Id. Plaintiffs argue Removing Defendants failed to provide evidence that TACTICALDEFENSE is a citizen of Florida. Mot. at 4. The Court agrees.

Removing Defendants fail to provide any evidence that TACTICALDEFENSE is a citizen of Florida. See Not. ¶ 16; Opp'n ¶ 16. The Notice states Removing Defendants are "informed and believe that defendant [TACTICALDEFENSE] was at this [sic] time of filing this Action not a business entity not a business entity [sic] of unknown organization located in the state of California but rather a business entity of unknown organization located in the state of Florida." Notice ¶ 16. In their Opposition, Removing Defendants state "an email address is not a 'principal place of business'—that requires 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.' Hertz Corp. v. Friend, 559 U.S. 77, 92 (2010). As a result, [TACTICALDEFENSE] is also completely diverse from the Plaintiffs and the Court has diversity

10

jurisdiction over Plaintiffs' claims."  Opp'n at 2.

Removing Defendants do not provide the Court with any evidence in their Notice or Opposition to support that TACTICALDEFENSE is a Florida citizen, rather than a California citizen. While an email address may not be conclusive evidence of a principal place of business, Removing Defendants have provided no evidence clearly demonstrating that TACTICALDEFENSE is not a California citizen. Plaintiffs, however, have at least provided some evidence that TACTICALDEFENSE is a California citizen, as it is undisputed they received thirty-three (33) emails from a San Francisco address.  Balsam Declaration ¶ 33, ECF No. 13-1; Exh. I, ECF No. 13-1.

Removing Defendants attempt to satisfy their burden by simply stating, with no supporting evidence, that they are "informed and believe" a defendant is a citizen of a diverse state. Plaintiffs, on the other hand, have provided evidence to suggest otherwise  Plaintiffs' argument in support of their motion here lends further support that removal was not proper. Gaus, 980 F.2d at 566.

    4.   Article III Standing

Plaintiffs argue they lack Article III standing because their injuries are not concrete and particularized, Mot. at 5, given that they are only requesting liquidated damages for statutory violations.  Id. at 8.  Plaintiffs further contend the alleged violations under California Business and Professions Code § 17529.5 ("Section 17529.5") are punitive in nature, and focus on a defendant's conduct, rather than a plaintiff's harms. Id. at 7.

1    Removing Defendants argue Plaintiffs do have Article III
2 standing because Section 17529.5 codifies the substantive right
3 to be protected from the transmission of unwanted spam.
4 Opp'n at 5, 7.  Removing Defendants further contend that the
5 alleged violations of Section 17529.5 establish an injury in
6 fact and Plaintiffs do not need to allege further damages to
7 establish standing.  Id. at 8.
8    To satisfy Article III's standing requirements, "a
9 plaintiff must show (1) it has suffered an 'injury in fact' that
10 is (a) concrete and particularized and (b) actual or imminent,
11 not conjectural or hypothetical; (2) the injury is fairly
12 traceable to the challenged action of the defendant; and (3) it
13 is likely, as opposed to merely speculative, that the injury
14 will be redressed by a favorable decision." Friends of the
15 Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167,
16 180-81 (2000).  The party invoking federal jurisdiction bears
17 the burden of establishing all three requirements are met.
18 Lujan v. Defs. Of Wildlife, 504 U.S. 555, 561 (1992).
19    When there is an alleged statutory violation, Article III
20 standing still requires a concrete injury. Spokeo, Inc. v.
21 Robins, 578 U.S. 330, 341 (2016).  A violation of a statute does
22 not automatically establish Article III standing. Robins v.
23 Spokeo, Inc., 867 F.3d 1108, 1110 (9th Cir. 2017).  Rather, the
24 alleged statutory violation must have caused a plaintiff to
25 suffer a harm that actually exists and is not abstract or merely
26 procedural.  Id.
27    Section 17529.5 prohibits the transmission of the following
28 types of emails:

12

    (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.

    (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.

    (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

Cal. Bus. & Prof. Code § 17529.5. Section 17529.5 protects "the concrete interest of preventing such transmissions." Lynch v. AML Network Ltd., No. CV 21-3574-GW-RAOx, 2021 U.S. Dist. LEXIS 187234, at *8-9 (C.D. Cal. Sep. 27, 2021). Explained further:

> [Section] 17529.5 codifies a substantive right to be protected from spam, and that a person who is the subject of a violation of that right sustains injuries including lost productivity and resources, annoyance, consumption of valuable digital storage space and financial costs. Furthermore, the statute protects interests and prohibits behavior that are similar to those at issue in actions for nuisance and fraud. Such claims have long been deemed viable and justiciable.

Silverstein v. Keynetics, Inc., No. LA CV18-04100 JAK AGRx), 2018 U.S. Dist. LEXIS 189114, at *23 (C.D. Cal. Nov. 5, 2018).

A plaintiff's allegation that they suffered statutory violations pursuant to Section 17529.5 "suffices to satisfy the concreteness requirement of Article III standing." Silverstein, 2018 U.S. Dist. LEXIS 189114, at *23. A plaintiff does not need to show any actual harm, as Section 17529.5 codifies the

substantive right of being protected "from unwanted spam emails — not necessarily protection from financial harm. An economic injury would be <u>sufficient</u> to show an injury in fact, but it is not <u>necessary</u>." <u>Lynch</u>, 2021 U.S. Dist. LEXIS 187234, at *12.

Here, Plaintiffs allege they received over five-hundred (500) spam emails. Compl. at 20. Because Section 17529.5 codifies the substantive right to be protected from spam, Plaintiffs did not need to allege any harm beyond receiving the emails. The Court finds the statutory violations are injuries in fact and would be sufficient to confer Article III standing in this case. Plaintiffs' argument in support of their motion to remand on this ground fails. However, given Removing Defendants' failure to properly plead complete diversity and obtain the consent of other defendants, the Court finds Plaintiffs' other arguments challenging removal to be compelling. <u>Matheson</u>, 319 F.3d at 1090. The Court, therefore, grants Plaintiffs request to remand this case.

### 5. <u>Request for Attorneys' Fees and Costs</u>

Plaintiffs' request attorneys' fees and costs incurred as a result of the removal. Mot. at 14.

A court granting remand may award attorneys' fees incurred "as a result of" an improper removal. 28 U.S.C. § 1447(c). To award fees, the removing party must have lacked "an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).

The Court does not find Removing Defendants' attempt to remove this case lacked an objectively reasonable basis. Rather, because the removing petition contains defective

14

jurisdictional allegations and procedural errors the Removing Defendants failed to satisfy their burden to establish federal diversity jurisdiction. Plaintiffs' request for attorneys' fees and costs is denied.

## III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Plaintiffs' request for attorneys' fees and costs.

IT IS SO ORDERED.

Dated: April 8, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

15